### In re Clifford K. PARKER, d/b/a Retrovest and Power Mechanical, Debtor.

### Lincoln Trust Custodian FBO Wendell William Mercer No. 61067486 (Successor to Providence Trust Company Trustee) and Wendell William Mercer, Plaintiffs,

### v.

### Clifford K. Parker d/b/a Retrovest and Power Mechanical, Defendant.

### Bankruptcy No. 5–97–02216.
### Adversary No. 5–97–00411A.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

Nov. 18, 1999.

---

Joseph F. Moore, Jr., Moore & Myers, Jackson, WY, for plaintiff.

Brian Manning, Doran & Nowalis, Wilkes–Barre, PA, for debtor/defendant.

Mark J. Conway, Scranton, PA, trustee.

## *OPINION*[1]

JOHN J. THOMAS, Bankruptcy Judge.

Prior to the Debtor filing his bankruptcy on July 30, 1997, a judgment was entered against the Debtor and others by the District Court for the County of Teton, in the Ninth Judicial District of the State of Wyoming in the total amount of $1,336,504.85, together with interest at the legal rate from the date of the judgment of December 18, 1996. That total judgment represented compensatory damages in the amount of $836,504.85 and punitive damages in the amount of $500,-000.00. The basis of that judgment is founded on claims against the Debtor consisting of breach of contract, breach of implied contract, conversion, fraud, negligence, equitable reformation, and fraudulent conveyance, all arising from the Debtor's involvement in certain agreements relating to the development and

---

1. Drafted with the assistance of Richard P. Rogers, Law Clerk.

construction of a home in Teton County, Wyoming.

Plaintiffs filed a two-count Complaint objecting to the dischargeability of the aforementioned debt under 11 U.S.C. § 523(a)(2) and (a)(6). Following a general denial of the averments of the Complaint by the Debtor, the Plaintiffs filed a Motion for Summary Judgment which is the subject of this Opinion.

The Motion for Summary Judgment indicates that there are no genuine issues of material fact and that the Plaintiffs are entitled to a judgment as a matter of law because all of the elements necessary to deny the dischargeability of the debt were established in the Wyoming litigation and the Debtor is collaterally estopped from attempting to relitigate the issues determined by the Wyoming State Court.

In response, the Debtor, through counsel, in his Brief in Opposition to the Motion for Summary Judgment at page 12, (Doc. # 18A), provides that "It is beyond belief that any Court could conclude that the issues relating to the dischargeability of the instant debt (Wyoming State judgment) have at any point in time been fully and fairly litigated or that Mr. Parker (Debtor) had an adequate opportunity to do so." Both parties to this litigation rely heavily on the recent Third Circuit case of *In re Docteroff* found at 133 F.3d 210 (3rd Cir.1997). The parties have fully briefed the Motion for Summary Judgment and the issue framed before this Court is whether the Debtor is collaterally estopped from relitigating the issues in this discharge proceeding that were resolved by the Wyoming State Court.

Before proceeding further, I note that both parties, subsequent to the filing of the answer in this adversary, have argued the elements of dischargeability of debts not only under Section 523(a)(2) and (a)(6) as initially alleged in the complaint but also under 11 U.S.C. § 523(a)(4). I will, therefore, proceed as if the elements needed to establish dischargeability under 11 U.S.C. § 523(a)(4) were pled in the Complaint.

■ Collateral estoppel applies in discharge proceedings in bankruptcy court. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Both parties agree I should look to Wyoming State law concerning application of collateral estoppel and the preclusive effect a state court judgment has on a subsequent federal action. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982). The law of Wyoming concerning collateral estoppel specifies the following four (4) factors which the Court should look to when applying the doctrine: (1) whether the factual issues decided in the prior adjudication were identical with the issues presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in a prior proceeding. *Tenorio v. State of Wyoming, ex rel.*, 931 P.2d 234 (Wyoming 1997).

■ The Debtor, at page 9 of his brief, concedes that factors one and three are present but argues that a default judgment, underlying the state court judgment at issue, was not a judgment on the actual merits of the case and that he did not have a full and fair opportunity to litigate the issues being asserted against him in the instant proceeding.

The *Docteroff* Court rejected an argument that a judgment was not a determination on the merits because it was entered against *Docteroff* by default as a sanction for his bad faith conduct in discovery. *Docteroff* did not present a typical default judgment wherein the defendant simply neglected or elected not to participate in any manner in the case because of the inconvenience of the forum or the expense associated with defending the lawsuit. The *Docteroff* Court held that a liti-

gant who deliberately prevents resolution of a lawsuit should be deemed to have actually litigated an issue for purposes of collateral estoppel application.

Unfortunately for the Debtor, the Court sees little difference in the factual scenarios in this case and the *Docteroff* case. In both cases, the debtor filed an answer to a complaint, engaged a lawyer, and filed papers with the court. Both Docteroff and the Debtor participated extensively in their respective lawsuits. There came a time when Docteroff changed his trial tactics and decided to "frustrate orderly litigation by willfully obstructing discovery." *Docteroff* never engages the reader with an exact description of the conduct in which Docteroff participated to obstruct the discovery process.

Here, by order of the Wyoming court dated July 14, 1996, the Debtor was to provide the court and the Plaintiff's attorney with an entry of appearance including a street address, a current mailing address, and a telephone number and fax number where he could be reached. This obligation was to be kept current in the court file and would be updated as soon as practical following any changes. The order also set a pre-trial scheduling conference for July 31, 1996. The Debtor received that order and participated at the scheduling conference.

The Debtor moved initially from Wyoming to Colorado and then to Pennsylvania. While changes of address were made with the post office, no attempt was made to comply with the terms of the July 14, 1996 order referenced above. As a consequence, the Plaintiffs filed a second Motion to Compel for Defendant's failure to comply with discovery requests which resulted in the entry in a default order by the Wyoming State Court in November of 1996. The Debtor indicated that he did receive the November 15, 1996 entry of default order but failed to react by filing either a motion to reconsider or an appeal. Thereafter, the Court noticed the hearing to establish damages and the Court's decision of December 18, 1996 indicated that the notice of that hearing was served on the Debtor at the only addresses available to the Court.

This case presents a situation of a litigant who, at a certain point, determined not to follow a direct order of the Court to keep the Court apprised of his current address so that notices and other orders could be properly noticed to the litigant. Furthermore, once orders were entered by the state court and ultimately served on the Debtor, he chose to ignore the import of those orders by failing to take any action on his own behalf or through counsel. Therefore, all orders in the Wyoming State Court became final, nonappealable orders. Debtor's Affidavit, affirmed and signed by the Debtor, indicates he did not realize the Court had to be notified of new mailing addresses. It further indicated he did not receive the notice of the sanctions, default, and other notices until the matters had already been concluded. He writes he did not realize the Court could be contacted directly.

I find the reasons given by the Debtor as to why he did not fulfill the terms of the July 14, 1996 order by the state court to update his mailing address not to be adequate. His failure to react to the various orders and notices that were sent to him in the state court litigation was not justified. This is not a case where the Debtor received notices from the court and determined he did not need to participate in or attend hearings. Rather, the Debtor deliberately ignored the terms of an order that called for him to take affirmative steps (e.g. providing his current address to the court) which would aid in the orderly and efficient litigation of the underlying state court complaint.

In short, I find that the action, or rather inaction, of the Debtor not only justifies and supports the sanction of default that was imposed upon him by the Wyoming State Court, but it also supports my holding that the Debtor should be deemed to

have actually litigated all issues in the state court action for purposes of application of the principles of collateral estoppel in this litigation. This finding is sufficient to satisfy the second factor needed to utilize the collateral estoppel doctrine.

The facts presented in the Affidavit of the Debtor and the briefs and exhibits both in support of and in opposition to the Motion for Summary Judgment compel a finding that the final factor I should look to in applying the doctrine of collateral estoppel (whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in a prior proceeding) has been met. I find the Debtor had actual full and fair opportunity to litigate all the issues being asserted against him. These findings, coupled with the Debtor's concession that the issues decided in the state court action were identical with the issues presented in the present action and that the parties are the same, compels me to determine the Debtor is collaterally estopped from relitigating the issues as determined by the Wyoming State Court.

Addressing the dischargeability of debts under 11 U.S.C. § 523(a)(2),(4), and (6), I find that every element necessary to except from discharge debts under these subsections was established in the state court litigation.[2] I further adopt all the findings of fact and conclusions of law contained in the December 18, 1996 state court judgment attached as an exhibit to the underlying complaint in this case.

An Order will follow.

---

**2.** My holding that Section 523(a)(2)(A) prevents the discharge of all liabilities arising from the finding of fraud, includes the punitive damages portion of the Wyoming State Court judgment. *Cohen v. De La Cruz,* 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).